UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA SANKOFA ASHANTI,<br><br>Petitioner,<br><br>v.<br><br>BOARD OF PAROLE HEARING,<br><br>Respondent. | No. 2:21-cv-1663-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner who, proceeding pro se, seeks a writ of habeas corpus.[1] ECF No. 1. He has filed an application to proceed in forma pauperis (ECF No. 2) which makes the required showing and is granted. However, his petition (ECF No. 1), for the reasons stated below, must be dismissed.

I.      Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

---

[1] Petitioner subsequently filed "excerpts of record" and an "appendix" to his petition. ECF Nos. 3 & 4. Although the supplemental filings are not complete without necessitating reference to the original petition, in violation of Local Rule 220, the court has considered their contents in an abundance of caution.

## II. Discussion

Petitioner claims to seek relief under 28 U.S.C. § 2241 and not § 2254. *See* ECF No. 1 at 7. Section 2254, however, "'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, *even when the petitioner is not challenging his underlying state court conviction*. . . . By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is *not* in custody pursuant to a state court judgment — for example, a defendant in pre-trial detention or awaiting extradition." *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018) (emphasis added). Because petitioner is in custody pursuant to a state court judgment, § 2254 is the proper jurisdictional basis for consideration of his petition. *See White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004).

Notwithstanding its length, the petition boils down to a single issue: whether the Board of Parole Hearings ("BPH") improperly determined that petitioner's law degree was fabricated and not authentic. ECF No. 1 at 2. Petitioner requests that the BPH's report on this matter be removed from his central file. *Id.* at 7. For the reasons stated in *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016), these allegations do not sound in habeas. In *Nettles*, the court held that a prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus." Here, petitioner is serving an indeterminate life sentence. ECF No. 1 at 1. Expungement of the BPH report from petitioner's central file – even if it would increase the likelihood of him being granted parole – would not guarantee petitioner's earlier release from prison. Petitioner's claim, therefore, does not fall within the "core of habeas corpus." As there is no basis for finding habeas jurisdiction over petitioner's claim, the petition must be dismissed.[2]

## III. Conclusion

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is GRANTED; and

---

[2] Even if jurisdiction existed, the claim would fail. No independent federal constitutional right to accurate prison records has been recognized in this Circuit. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987).

2

2. The Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that the petition (ECF No. 1) be DISMISSED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  November 22, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE